[No. 5561.   Decided September 7, 1905.]

JONATHAN JOHNSON *et al., Appellants,* v. THE PULLMAN
STATE BANK *et al., Respondents.*[1]

COMPROMISE AND SETTLEMENT—LAND HELD AS SECURITY FOR AD-
VANCES—INTEREST ON ADVANCES—RATE FIXED BY NOTE ON EXTENDING
TIME.   Where property was purchased for another and the title held
until payment of the purchase price, a settlement between the parties
fixing the balance due, for which a note was given, constitutes such
sum a claim upon the land, drawing interest at the rate specified in
the note, and not at the legal rate; and a third party, to whom the
equitable owners had assigned their interest, is not entitled to a
conveyance upon payment of such sum with interest at only the
legal rate.

Appeal from a judgment of the superior court for Whit-
man county, Chadwick, J., entered December 19, 1904, upon
findings in favor of the defendants, after a trial before the
court without a jury, in an action to recover the possession
of land.   Modified.

*John Pattison,* for appellants.

Root, J.—In the year 1891, appellant Jonathan Johnson
and respondent Miles T. Hooper entered into a contract, by
which Johnson was to purchase from the state of Washing-
ton a certain tract of land, for the sum of $1,840, payable
in ten equal annual payments, the money for the meeting
of which was to be paid Johnson by Hooper, on or before

1Reported in 82 Pac. 122.

the respective payments fell due; and, on the completion of said payments, the property was to be conveyed to said Hooper, or to whom he should direct. Hooper and wife took possession of the property. On the third day of January, 1894, a settlement was had by these parties, whereby it was found that $252.10 was due Johnson from Hooper, as a balance on account of money paid by reason of said contract. This, with some indebtedness arising from matters outside of the land transaction, was placed in the form of a promissory note, for the sum of $400, providing for interest at the rate of one and one-half per cent per month. Subsequently $53.32 was paid and credited upon the $252.10, leaving a balance of $198.78, with interest due on this item, at the time of the commencement of this action. There was due on account of other items nearly $1,500, with interest.

On the 30th day of March, 1903, respondents Hooper and wife executed and delivered to the respondent bank a deed to the premises involved. Appellants brought this action to recover possession of the premises. The trial court directed that appellants should execute and deliver to the respondent bank a deed to said premises, upon being paid the sum of $1,480, with interest at the rate of six per cent from February, 1904; the sum of $198.78, with interest at the legal rate from January 3, 1894; and the sum of $16.30 (taxes).

The only question upon this appeal is as to whether the item $252.10 should bear merely the legal rate of interest, or carry the rate provided in the note given at the time said sum became due, January 3, 1894. Respondents contend that, as a matter of equity, they were holden to refund to appellants only such an amount as he had actually paid out, with legal interest; that, while Hooper and wife might be liable for the extra interest as a matter of law, it was not a claim against the land.

We do not regard this position tenable. On January 3, 1894, Hooper owed Johnson $252.10. He could not, or at

least did not, pay him. It was agreed that he should have an extension of time within which to pay. At that time Johnson had his option of insisting on payment, or terminating the deal, or extending the time of payment. Hooper had his option of paying, or terminating the contract, or accepting an extension of time upon the terms offered by Johnson. He accepted the extension of time upon the terms set forth in the promissory note. The making of this note and its terms (so far as the item of $252.10 was concerned) became a part of the transaction concerning the land in question. The rate of interest was legal at the time the note was made. Laws 1893, p. 29. Having voluntarily agreed to pay this rate of interest, and having, in consideration thereof, secured an extension of time within which to pay the principal, we can perceive no legal or equitable reason why he should not pay the same before receiving, for himself or grantees, a deed from appellants.

The decree of the honorable superior court should be modified so as to require respondents to pay to appellants interest upon the $252.10 item at the rate provided in the note. The cause is remanded to said court, with instructions to make the modification indicated. Costs of this court to appellants.

MOUNT, C. J., CROW, RUDKIN, HADLEY, and DUNBAR, JJ., concur.